

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| DEONTAE CALDWELL,<br>TDCJ-CID No. 01903202,<br><br>Plaintiff,<br><br>v.<br><br>BILL CLEMENTS UNIT, *et al.*,<br><br>Defendants. | § § § § § § § § § § § | 2:19-CV-109-Z-BR |

## MEMORANDUM OPINION AND ORDER
## DISMISSING CIVIL-RIGHTS COMPLAINT

Before the Court is Plaintiff's civil-rights Complaint (ECF No. 3) brought under 42 U.S.C. § 1983, filed on May 17, 2019. Plaintiff filed suit *pro se* while a prisoner incarcerated in the Texas Department of Criminal Justice ("TDCJ"), Correctional Institutions Division. The Court granted Plaintiff permission to proceed *in forma pauperis*. ECF No. 6. For the reasons discussed herein, the Court **DISMISSES** Plaintiff's Complaint **WITH PREJUDICE**.

### FACTUAL BACKGROUND

Plaintiff — a repeat filer in this Court — makes claims concerning TDCJ staff at the Bill Clements Unit regarding the disrespectful treatment of his family. (ECF No. 3 at 3–6). Plaintiff's claims overlap his claims in several other lawsuits this Court previously dismissed as frivolous. *See* Case Nos. 2:19-CV-018-Z-BR, 2:19-CV-019-Z-BR, 2:19-CV-081-Z-BR, & 2:19-CV-082-Z-BR. In those cases, Plaintiff alleged TDCJ staff spread misinformation about Plaintiff and his family members by using "walkie talkies." *See, e.g., Caldwell v. Ramirez* , Nos. 2:19-CV-018-Z-BR; *Caldwell v. Miller et al*, 2:19-CV-019-Z-BR. Plaintiff now claims that TDCJ staff treats his

contentions as "mental health issues" and fails to take his contentions seriously. ECF No. 3 at 6. And like before, Plaintiff asserts his grievances about "disrespect" issues go unresolved. *Id.*

**LEGAL STANDARD**

When a prisoner confined in any jail, prison, or other correctional facility brings an action with respect to prison conditions under any federal law, the Court may evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous,[1] malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A, 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991).[2]

**ANALYSIS**

A complaint that duplicates claims asserted in an earlier action may be deemed malicious and subject to summary dismissal. *See Brock v. Cockrell*, No. 3-03-CV-0340-M, 2003 WL 21418792, at *1 (N.D. Tex. Mar. 26, 2003). Consequently, Plaintiff's claims against Defendants for "disrespecting his family" should be summarily dismissed as duplicative under 28 U.S.C.

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact. *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993).

[2] *Green vs. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.")

§ 1915A(b). *See Pitman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993); *Wilson v. Lynaugh*, 878 F.2d 846, 849 (5th Cir. 1989).

"[A] prisoner has a liberty interest only in 'freedom[s] from restraint . . . impos[ing] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" *Orellana v. Kyle*, 65 F.3d 29, 31–32 (5th Cir. 1995) (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)). A prisoner lacks a constitutionally protected interest in having his complaints and grievances resolved to his satisfaction. *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005). Therefore, Plaintiff's claims about Defendants' failure to adequately resolve his grievances about this issue do not state a constitutional claim and are **DISMISSED WITH PREJUDICE**. To the extent Plaintiff adds that his grievances were never addressed, previous submissions in other lawsuits contradict these statements, and in any event, even if true, these claims are still frivolous. Additionally, Plaintiff's claims about TDCJ's disrespect to his brother and sister are duplicative of his previous lawsuits identified herein and are **DISMISSED WITH PREJUDICE**.

The Court **DENIES** Plaintiff's request to terminate his filing fee. *See* ECF No. 13. Filing fees attach at the time that a Complaint is filed.

CONCLUSION

For the reasons set forth above and pursuant to 28 U.S.C. §§ 1915A, 1915(e)(2) and 42 U.S.C. § 1997e(a), the Court **ORDERS** Plaintiff's Complaint filed pursuant to 42 U.S.C. § 1983 be **DISMISSED WITH PREJUDICE**.

**SO ORDERED.**

June 21, 2022

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE